# Bailey *v.* Wayman, Appellant.

*Contract—Performance—Evidence.*

In an action to recover the price of certain plates to be used on tables for the polishing and grinding of glass, a verdict and judgment for the plaintiff will be sustained where it appears that the plates were to be cut according to patterns provided by defendant, and to be finished to a rolling mill finish, and the evidence for plaintiff tends to show that the plates were cut and finished according to the patterns as nearly as was practicable with the usual machinery of a rolling mill. In such a case, if the plates were made according to the contract, it was immaterial that they did not fit the tables.

Argued Oct. 29, 1901. Appeal, No. 41, Oct. T., 1901, by defendants, from judgment of C. P. No. 1, Allegheny Co., March T., 1900, No. 323, on verdict for plaintiff in case of James M. Bailey, trading as Phillips, Nimick & Company, v. M. D. Wayman and The American Plate Glass Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit for goods sold and delivered.

At the trial it appeared that plaintiff agreed to manufacture for M. D. Wayman and the American Plate Glass Company 375 iron plates to be used on tables for the polishing and grinding of glass. The agreement between the parties was that the plates were to be cut according to patterns provided by the defendants, and that the plates were to be finished to a rolling mill finish. The evidence for the plaintiff tended to show that the plates were carefully rolled to a good rolling mill finish, and cut according to the patterns. The evidence for the defendant tended to show that the plates varied in size, and that they did not fit the tables.

Plaintiff's point was as follows :

1. If you find that the plates were rolled as nearly to a uniform thickness, and cut as nearly to the shapes and sizes of the patterns as is practicable with the usual machinery of a rolling mill, and were not bent, twisted or buckled when shipped from the rolling mill, your verdict should be for the plaintiff, and this although the plates may not have fit the table for which they were intended. *Answer :* The point is answered in this general way : The testimony, I think, is undisputed, that they were to be cut according to the patterns, and they were only to be cut and finished in the rolling mill up to a good rolling mill finish. If it were practical, and there is no evidence in the case that it was not practical, to cut these to a chalk line, or such other line as the testimony may satisfy you they were to be cut to ; if it were practical in the rolling mill to cut in accordance with the chalk line, and to keep the line, as you would shear a paper that was marked ; if that were practical and easy to be done by a shearman who had a good eye, and was careful of his business, then of course it would have to be cut up to that standard. There is no evidence

here that they could not be cut up to that chalk line, or whatever it was to be under the contract. If it materially varied, if it was not so cut; if there was any considerable variation, or if it was not cut in accordance with that, and there was a material variation, there could be no recovery here by the plaintiff. [1]

Defendant presented this point:

3. The plaintiff has the burden of showing that the plates were not only cut according to pattern, but that they were reasonably fit for the purpose for which they were to be used. *Answer:* The point is affirmed, in this way: Of course the plaintiff has the burden of showing that the plates were according to pattern. That is, substantially so, and when I use the word "substantially," I mean in such a shape that they did not materially vary from the patterns. [3]

The court charged in part as follows:

[They testify that the plates would not fit together. Now, if that means, as I think the testimony would warrant it meaning, that they did not substantially fit together as the patterns would fit together—and it is not so much a question as to whether they fit into the table out there, because Phillips, Nimick & Company did not have that table—but did Phillips, Nimick & Company manufacture these plates in accordance with the patterns, substantially, so that they would be serviceable in fitting in out there.] [6]

*Errors assigned* were (1, 3, 6) above instructions, quoting them.

*S. B. Schoyer*, with him *S. Schoyer, Jr.*, for appellant.

*Henry A. Davis*, with him *William M. Galbraith*, for appellee.

PER CURIAM, January 6, 1902:

The assignments of error relate to the charge of the court, to the answer to the plaintiff's first point and to the answer to the defendant's third point. In the answers to the points referred to we have not discerned any perceptible error, and the same may be said of the charge of the court. It follows that

no reason or cause appears for a reversal of the judgment entered by the court below.

Judgment affirmed.